479 A.2d 1344

**Verina Lee MACK**

v.

**STATE of Maryland.**

**No. 40, Sept. Term, 1983.**

Court of Appeals of Maryland.

Aug. 23, 1984.

584

586

Gary S. Offutt, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODWOSKY and COUCH, JJ.

DAVIDSON, Judge.

The primary question presented in this case is whether under Maryland Rule 4–325(c) a trial court in a criminal case must, if requested by the accused, instruct a jury that an accused cannot be found guilty of use of a handgun in the commission of a crime of violence under Maryland Code (1957, 1982 Repl.Vol., 1983 Cum.Supp.), Art. 27, § 36B(d) if found not guilty of a crime of violence as defined in Maryland Code (1957, 1982 Repl.Vol., 1983 Cum.Supp.), Art. 27, § 441(e).

Maryland Rule 4–325(c) [1] provides in pertinent part:

*"The court* may, and *at the request of any party shall, instruct the jury as to the applicable law* and the extent to which the instructions are binding.... The court need not grant a requested instruction if the matter is fairly

---

1. At the time of the trial in the instant case, Md.Rule 757 b was applicable. That rule provided in pertinent part:

"The court may, and at the request of any party shall, give those advisory instructions to the jury as correctly state the applicable law.... The court need not grant any requested instruction if the matter is fairly covered by the instructions actually given. In every case in which instructions are given to the jury the court shall instruct the jury that they are the judges of the law and that the court's instructions are advisory only."

In an order dated 6 April 1984, this Court rescinded Md.Rule 757 b, effective 1 July 1984, and approved and adopted Md.Rule 4–325(c).

covered by instructions actually given." (Emphasis added).

Article 27, § 36B(d) [2] provides in pertinent part:

"Any person who shall use a handgun ... in the commission of any felony or *any crime of violence* as defined in § 441 of this article, shall be guilty of a separate misdemeanor...." (Emphasis added).

Article 27, § 441(e) [3] provides in pertinent part:

"The term *'crime of violence'* means ... assault with intent to commit any ... offense punishable by imprisonment for more than one year." (Emphasis in original).

On 29 July 1981, the petitioner, Verina Lee Mack, was charged in a multicount indictment with 1) assault with intent to murder; 2) assault with intent to maim; 3) assault and battery; 4) carrying a handgun; and 5) use of a handgun in the commission of a crime of violence (use of a handgun). During a jury trial held in the Circuit Court for Prince George's County, the petitioner conceded that he had shot and injured the victim. The petitioner contended, however, that the shooting occurred in self-defense.

At the conclusion of the trial, the trial court instructed the jury in pertinent part as follows:

"The State has to prove each and every element of each and every crime with which the defendant is charged. Now, in this case we have five counts.... [T]he lead count is assault with intent to murder, and others are related counts. This is what we call a multiple count indictment. There are five counts you will be deliberating about and you're to consider each one of these counts

---

2. At the time of the indictment in the instant case, Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 36B(d) applied. This provision was subsequently amended without any change relevant here.

3. At the time of the indictment in the instant case, Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 441(e) applied. Chapter 480 of the Acts of 1982, effective 1 July 1982, and Ch. 416 of the Acts of 1983, effective 1 July 1983, amended Art. 27, § 441(e) without any change relevant here.

separate and distinct from the others. In other words, you make up your mind on one count, then forget about what your judgment was and move on to the next count. So that you're not being influenced by your own decision. You're giving consideration on each separate count as if you were deciding that count alone.

"Later on I'm going to give you legal definitions of the particular crimes. . . .

"And when I give you the legal definitions, I will tell you that is binding on you. You have to apply the law to the case as I give you the law with respect to the definitions of the law.

.        .        .        .        .

"Once you have determined what happened in the case, then you apply the law as I define the law. . . .

.        .        .        .        .

[W]e also have the final count, which is the use of a handgun in the commission of a crime of violence.

.        .        .        .        .

*[W]here you find there has been a commission of a crime of violence, assault with intent to murder and assault with intent to maim are crimes of violence, in fact.*

"*Assault and battery does not fall within that definition, so your first two counts, assault with intent to murder, assault with intent to maim are crimes of violence. Assault and battery is not considered a crime of violence.*

"*Now, did the defendant use a handgun in the commission of a crime of violence? Because the mere use of a handgun where there are one of those violence crimes is in and of itself a separate and distinct crime.*" (Emphasis added).

Thereafter, the following colloquy took place at the bench:

"MR. PARKER [Defense Counsel]: *I ask the Judge to instruct if the defendant is found [not] guilty of assault with intent to murder or maim, then he cannot*

*be found guilty of the use of a handgun in the commission of a violent crime.* I don't believe that is quite clear. I think that's important.

"MS. LIEBERMAN [State's Attorney]: I don't think you can do that, Your Honor.

"THE COURT: You have all of the counts listed. They give a verdict on all counts or how about the incident involving the guy? Is that assault and battery?

"MR. PARKER: Assault and battery does not constitute a violent crime.

"THE COURT: I told them that.

"MR. PARKER: I just think—*one way they can find* assault, I mean with the *use of a handgun in the commission of a violent crime is if they find count one or two.*

"THE COURT: *I instructed them. I made that very clear to them.*

"MR. PARKER: Very well, Your Honor. I just ask that you specify it as I've asked.

"THE COURT: I think I have." (Emphasis added).

On 28 January 1982, the jury found the petitioner guilty of assault and battery and carrying a handgun, neither of which is a crime of violence as defined in Art. 27, § 441(e). The jury found the petitioner not guilty of assault with intent to murder and assault with intent to maim, both of which are crimes of violence as defined in Art. 27, § 441(e). Notwithstanding those verdicts, the jury found the petitioner guilty of use of a handgun.

Subsequently, the petitioner filed a motion for a new trial. At a hearing on that motion, the following colloquy took place:

"MR. PARKER: ... *I asked that you reinstruct as to, if the defendant was found not guilty of count 1 and count 2, that, in fact, he could not be found guilty of count 5.* ... I believe, had that instruction been given, that my client would not be facing the mandatory sen-

tence he is facing today, which is the 5 years for the use of a handgun in the commission of a crime of violence, and for that reason, I would ask that you grant us a new trial ... on the count, which is count 5, as to the use of a handgun in the commission of a crime of violence, I believe if the motion for new trial on that particular count were granted, that justice would be done, and that a reasonable sentence, if any, or a suspended sentence with probation could be given as to the other two charges....

.    .    .    .    .

"THE COURT: ... With respect to the last argument in your motion for a new trial, the legislature has seen fit to make an independent and separate crime out of use of a handgun in the commission of a crime of violence. *As I understand your argument, if the jury found him not guilty on the crimes of violence, how could they find him guilty on use of a handgun in a crime of violence.* This has happened before. *It is, in all probability, a compromise verdict,* and you and Ms. Lieberman and me, none of us know what went on in that jury room, in the deliberations of the jury. There have been a number of cases that have upheld a conviction on use of a handgun in a crime of violence where the crime of violence, itself, there has been an acquittal. They have indicated it is a separate and distinct crime...." (Emphasis added).

On 10 March 1982, the petitioner was sentenced to a term of seven years for assault and battery; a concurrent term of 30 days for carrying a handgun; and a concurrent term of five years for use of a handgun.

The petitioner appealed to the Court of Special Appeals. In an unreported per curiam opinion, that Court affirmed the judgments of the trial court. *Mack v. State,* No. 535, September Term, 1982, filed 10 February 1983. The petitioner filed a petition for a writ of certiorari that we granted. We shall affirm the judgments of the Court of Special Appeals.

I

■ This Court has consistently held that the requirements of Md.Rule 757 b (now Md.Rule 4–325(c)) are mandatory and that under that Rule a trial judge must give a requested instruction that correctly states the applicable law and that has not been fairly covered in instructions actually given. Indeed, the failure to give such an instruction constitutes error. *Lansdowne v. State,* 287 Md. 232, 239, 412 A.2d 88, 91 (1980).

Here, the petitioner requested an instruction that "if the defendant is found [not] guilty of assault with intent to murder or maim, then he cannot be found guilty of the use of a handgun in the commission of a violent crime." [4] In deciding whether the trial court was required to give such an instruction, we must determine whether the requested instruction constitutes a correct statement of the law; whether it is applicable under the facts and circumstances of this case; and whether it has been fairly covered in the instructions actually given.

This Court's decision in *Ford v. State,* 274 Md. 546, 337 A.2d 81 (1975), establishes that the requested instruction constitutes a correct statement of the law. In *Ford,* the accused was charged in a multicount indictment with, insofar as here relevant, 1) robbery with a dangerous and deadly weapon; 2) robbery; and 3) use of a handgun. The jury found the accused not guilty of robbery with a dangerous and deadly weapon, and robbery, both crimes of violence as defined in Art. 27, § 441(e). Notwithstanding these verdicts, the jury found the accused guilty of use of a handgun.

■ In *Ford,* this Court considered the question whether the conviction of use of a handgun should be reversed because it was inconsistent with the jury's finding that the

---

4. We note that in the transcript of the trial in the instant case the word "not" does not appear in the requested instruction. We shall assume without deciding that the word "not" was included in the requested instruction.

accused was not guilty of committing a crime of violence.[5] In resolving this question, the Court initially examined the relationship between the commission of a crime of violence and use of a handgun during the commission of that crime. There, Judge Digges, writing for a majority of the Court, said:

> "[S]ection 36B(d) requires the trier of fact to determine beyond a reasonable doubt, from the evidence, that *the accused used a handgun during the commission of either a felony or a crime of violence as a prerequisite to being convicted of unlawfully using a handgun in the commission of either.* [W]e think it to be plain from the language of section 36B(d) that the offense delineated in that statute is separate and distinct from the felony or crime of violence during the commission of which the handgun was used." *Ford*, 274 Md. at 550–51, 337 A.2d at 84–85 (footnote omitted) (emphasis added).

Thus, this Court established as a matter of substantive law that use of a handgun in the commission of a crime of violence is a separate and distinct crime from the underlying crime of violence and that in order to convict an accused of use of a handgun in the commission of a crime of violence it is necessary that the trier of fact find beyond a reasonable doubt that the accused committed a crime of violence. In essence, this Court recognized that when an accused is charged in a multicount indictment with the commission of a crime of violence and use of a handgun in the commission of such a crime, a verdict of guilty of the crime of violence is a prerequisite to a verdict of guilty of use of a handgun in the commission of such a crime.

Additionally, in *Ford*, this Court pointed out that if an accused is found guilty of both the crime of violence and use of a handgun in the commission of such a crime, the

---

5. We note that in *Ford* we did not consider the appropriate instructions to be given by a trial court to a jury in a case involving a multicount indictment charging both a crime of violence and use of a handgun in the commission of that crime of violence.

verdicts are consistent and they can both stand. If, however, there is a verdict of not guilty of the crime of violence and a verdict of guilty of use of a handgun in the commission of such a crime, the verdicts are inconsistent. There, this Court said:

"[W]hen the trier of fact considers an indictment containing both a section 36B(d) handgun count and a felony or crime of violence count, a conviction on the former can still be sustained even if the trier of fact returns a finding of not guilty on the latter—in fact a finding of guilt under both, since they are not inconsistent, can each stand." *Ford,* 274 Md. at 551, 337 A.2d at 84–85.

More particularly, with respect to inconsistent verdicts, this Court said:

"[V]erdict inconsistency has been considered in several cases, and has been consistently rejected as forming the basis for voiding a conviction." *Ford,* 274 Md. at 552, 337 A.2d at 85.

We further recognized that the rationale underlying the principle that inconsistent verdicts can stand was expressed in *Dunn v. United States,* 284 U.S. 390, 393–94, 52 S.Ct. 189, 190–91, 76 L.Ed. 356 (1932), where Justice Holmes, writing for the United States Supreme Court, said:

"Consistency in the verdict is not necessary.

. . . .

"That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters."

Applying this rationale, this Court in *Ford* determined that although the jury's verdict of guilty of use of a handgun in the commission of a crime of violence was inconsistent with its verdict of not guilty of the crimes of violence, the inconsistent verdicts could stand. *Ford,* 274 Md. at 553, 337 A.2d at 86. Manifestly, this holding, premised upon the unique role of the jury, had no impact whatsoever upon the

substantive law explicated by the Court. Accordingly, the instruction requested in the instant case, which in essence would have explained that a verdict of guilty of a crime of violence is a prerequisite to a verdict of guilty of use of a handgun in the commission of such a crime, constituted a correct statement of the law.

We must next consider whether under the facts and circumstances of this case the requested instruction was applicable within the meaning of Rule 4–325(c). Generally, each count of an indictment is regarded as if it were a separate indictment and the jury is required to determine whether to make a finding of guilt on each count "without regard to the disposition of other counts." *Williams v. State,* 204 Md. 55, 64, 102 A.2d 714, 718 (1954); *see Poole v. State,* 295 Md. 167, 174–75, 453 A.2d 1218, 1223 (1983); *Ford,* 274 Md. at 552, 337 A.2d at 85. However, if this general rule is applied when there is a multicount indictment under which a verdict of guilty of a crime of violence is a prerequisite to a verdict of guilty of use of a handgun in the commission of such a crime, the jury may be misled and may render inconsistent verdicts—not guilty of the crime of violence and guilty of use of a handgun in the commission of such a crime. Under such circumstances, although the verdict of guilty of use of a handgun would be contrary to law, it nonetheless could stand.

In order to avoid this deleterious result, the possibility of inconsistent verdicts must be minimized. This goal can be accomplished by a modification of the general rule when there is a multicount indictment that charges a crime of violence and use of a handgun in the commission of such a crime, as well as other crimes. Under circumstances such as those presented in this case, with respect to those counts other than the count charging use of a handgun, the jury should be required to determine guilt on each count without regard to the disposition of the other counts. With respect to the count charging use of a handgun, the jury should be required to consider the disposition of the counts charging

crimes of violence. Accordingly, when there is a multicount indictment that charges a crime of violence and use of a handgun in the commission of such a crime, as well as other crimes, a requested instruction explaining, in essence, that in order to find an accused guilty of use of a handgun in the commission of a crime of violence, there must be a finding that the accused was guilty of a crime of violence is applicable within the meaning of Md.Rule 4–325(c) and should be given.

Here the record shows that the petitioner was charged in a multicount indictment with two crimes of violence and use of a handgun in the commission of those crimes, as well as other crimes. Under these circumstances, the requested instruction, which in essence explained that a verdict of guilty of either of the charged crimes of violence was a prerequisite to a verdict of guilty of use of a handgun in the commission of such crimes, was applicable. Accordingly, the trial court was required to instruct the jury that the petitioner could not be found guilty of use of a handgun if found not guilty of either of the charged crimes of violence.

In reaching this result, we recognize that some few courts in other states in which inconsistent verdicts are permitted have determined that an instruction directing the jury to render consistent verdicts need not be given. *State v. Morgan,* 179 Conn. 617, 620, 427 A.2d 429, 431 (1980); *State v. Barnes,* 30 N.C.App. 671, 673–74, 228 S.E.2d 83, 85 (1976); *Commonwealth v. Stegmaier,* 247 Pa.Super. 159, 161, 371 A.2d 1376, 1377 (1977). The rationale underlying this position was expressed in *Commonwealth v. Stegmaier,* 247 Pa.Super. 159, 371 A.2d 1376 (1977). There a trial court, in an effort to avoid inconsistent verdicts, had instructed a jury that it would be improper to return a verdict of guilty as to one of the offenses charged and not as to all. The Superior Court of Pennsylvania held that "[i]n so instructing the jury the lower court improperly usurped the function of the jury." *Stegmaier,* 247 Pa.Super. at 161, 371 A.2d at 1377. In reaching this result, that Court said:

"It is firmly established that consistent verdicts in criminal cases are not required, provided there is sufficient evidence to support the conviction the jury has returned.

.    .    .    .    .

Instantly, the lower court's charge requiring the jury to render a verdict of guilty or not guilty as to all of the charges improperly impaired the jury's absolute right to be the final arbiter of the crime or crimes, if any, of which appellant was guilty. While we may share the lower court's difficulty in logically reconciling a verdict which found appellant guilty on some charges and not guilty on others, the facts remains that this determination is vested solely in the jury.

'To the jury belongs the power to err, not alone in gullibility but also deliberately. A most important portion of the administration of our system of criminal justice is the fact that the jury in subtle ways may temper the rigidity of our criminal code in the application of the letter of the law to particular cases and may perhaps thereby mitigate the rigors of the law.' *Commonwealth v. Franklin*, 172 Pa.Super. 152, 193, 92 A.2d 272, 292 (1952)." *Stegmaier*, 247 Pa.Super. at 162, 371 A.2d at 1377, 1378.

We are not persuaded by this rationale.

In our view, an instruction directing the jury to render consistent verdicts is beneficial because it minimizes the possibility of inconsistent verdicts that result in a conviction contrary to law. Such an instruction does not in any way impair the jury's function. Even after such an instruction has been given, the jury retains its power to err, either fortuitously or deliberately, and to compromise or exercise lenity. It, therefore, retains the power to be the final arbiter in the determination of which, if any, of the crimes charged the accused is guilty.

Having determined that the requested instruction in the instant case is a correct statement of the applicable law to which the accused was entitled, we must now consider

whether it was fairly covered in the instructions actually given. In resolving this question, we shall apply the principles that an accused is entitled to a fair, not a perfect, trial, *Crawford v. State*, 285 Md. 431, 451, 404 A.2d 244, 254 (1979); *Dorsey v. State*, 276 Md. 638, 647, 350 A.2d 665, 671 (1976); *State v. Babb*, 258 Md. 547, 552, 267 A.2d 190, 193 (1970), and that the instructions of a trial court must be considered in context and as a whole, *Poole*, 295 Md. at 186, 453 A.2d at 1228; *Dean v. Redmiles*, 280 Md. 137, 162–63, 374 A.2d 329, 343 (1977); *Schwier v. Gray*, 277 Md. 631, 637, 357 A.2d 100, 103–04 (1976).

■ Here the record shows that the trial court instructed the jury with respect to the relationship between the various counts charged in the indictment as follows:

"[T]he lead count is assault with intent to murder, and others are related counts. This is what we call a multiple count indictment. There are five counts you will be deliberating about and you're to consider each one of these counts separate and distinct from the others. In other words, you make up your mind on one count, then forget about what your judgment was and move on to the next count. So that you're not being influenced by your own decision. You're giving consideration on each separate count as if you were deciding that count alone.

.     .     .     .     .

[W]here you find there has been a commission of a crime of violence, assault with intent to murder and assault with intent to maim are crimes of violence, in fact.

"Assault and battery does not fall within that definition, so your first two counts, assault with intent to murder, assault with intent to maim are crimes of violence. Assault and battery is not considered a crime of violence.

"Now, did the defendant use a handgun in the commission of a crime of violence? Because the mere use of a handgun where there are one of those violence crimes is in and of itself a separate and distinct crime."

Thus, the trial court explicitly pointed out that there was a multicount indictment that included two counts charging crimes of violence, a count charging use of a handgun in the commission of such crimes, and two counts charging other crimes. With respect to those counts other than the count charging use of a handgun, the trial court's instructions were patently clear. The trial court directed the jury that it was required to determine whether to make a finding of guilt on each count without regard to the disposition of the other counts. With respect to the count charging use of a handgun, the trial court's instructions were somewhat less clear. Nevertheless, upon a careful reading of the trial court's instructions in context and as a whole, we are persuaded that the trial court properly explained to the jury that use of a handgun in the commission of a crime of violence is a separate and distinct crime from the underlying crime of violence and that a verdict of guilty of either the crime of assault with intent to murder or the crime of assault with intent to maim was a prerequisite to a verdict of guilty of use of a handgun in the commission of a crime of violence. Although we recognize that the instructions actually given could have been more explicit, we nonetheless conclude that the requested instruction was fairly covered. Accordingly, the trial court did not err.

## II

The petitioner alternatively contends that even if the trial court's instructions were correct, he is entitled to a new trial. He maintains that under such circumstances the jury's verdict of guilty of use of a handgun was contrary to law because the jury failed to follow the trial court's instructions.

This Court has consistently recognized that it is the duty of a jury to decide a criminal case according to the established rules of law, and that if the jury should misapply the law, the trial court has the power to set aside the verdict and grant a new trial. More particularly, we have determined that in a criminal case a jury verdict contrary to

a trial court's advisory instructions may be set aside by the granting of a new trial. *Stevenson v. State*, 289 Md. 167, 179, 423 A.2d 558, 565 (1980); *Giles v. State*, 229 Md. 370, 384, 183 A.2d 359, 365 (1962). The same principle applies when a jury's verdict is contrary to a trial court's binding instructions. *See Greenstein v. Meister*, 279 Md. 275, 295, 368 A.2d 451, 463 (1977); *Kirkpatrick v. Zimmerman*, 257 Md. 215, 217, 262 A.2d 531, 532 (1970); *Grabner v. Battle*, 256 Md. 514, 519, 260 A.2d 634, 636 (1970).

The question whether to grant a new trial is within the discretion of the trial court. Ordinarily, a trial court's order denying a motion for a new trial will be reviewed on appeal if it is claimed that the trial court abused its discretion. *Kirsner v. State*, 296 Md. 567, 570–71, 463 A.2d 865, 867 (1983); *Colter v. State*, 219 Md. 190, 192, 148 A.2d 561, 561 (1959). However, an appellate court does not generally disturb the exercise of a trial court's discretion in denying a motion for a new trial. *E.g., Carlile v. Two Guys from Harrison, Glen Burnie, Inc.*, 264 Md. 475, 477, 287 A.2d 31, 33 (1972); *Brinand v. Denzik*, 226 Md. 287, 292, 173 A.2d 203, 206 (1961). *Contra Washington, Baltimore & Annapolis Electric Railroad v. Kimmey*, 141 Md. 243, 251, 118 A. 648, 651 (1922); *Angell v. Just*, 22 Md.App. 43, 47, 321 A.2d 830, 838 (1974).

Here the record shows that the trial court gave a proper instruction to the jury explaining that a verdict of guilty of a crime of violence was a prerequisite to a verdict of guilty of use of a handgun. The trial court further informed the jury that this instruction was binding. *See Montgomery v. State*, 292 Md. 84, 89, 437 A.2d 654, 657 (1981); *Stevenson*, 289 Md. at 180, 423 A.2d at 565. Nevertheless, contrary to the trial court's instructions, the jury found the petitioner not guilty of the charged crimes of violence and guilty of use of a handgun. Subsequently, the trial court determined that the jury's verdict was "in all probability, a compromise verdict" that could stand. Ac-

cordingly, the trial court denied the petitioner's motion for a new trial.

It was within the trial court's discretion to determine whether a new trial was justified because the jury rendered inconsistent verdicts contrary to the trial court's binding instructions. In the exercise of that discretion, the trial court ruled that a new trial was not warranted. The trial court's denial of a new trial was consonant with this Court's consistent holdings that inconsistent verdicts can stand. *E.g., Ford,* 274 Md. at 553, 337 A.2d at 86. Accordingly, we shall not disturb the exercise of the trial court's discretion.

### III

The petitioner, relying primarily upon *Fletcher v. State,* 231 Md. 190, 189 A.2d 641 (1963), additionally contends that "[i]nconsistent convictions, as distinguished from inconsistent verdicts, are invalid because a defendant cannot be convicted of two acts that by their nature are inconsistent." The petitioner maintains that in the instant case the convictions of assault and battery and use of a handgun in the commission of a crime of violence are invalid.

The petitioner's reliance upon *Fletcher* is misplaced. There, this Court did nothing more than apply the general principle that a finding of guilt on two inconsistent counts is invalid. *See Ford,* 274 Md. at 552, 337 A.2d at 85; *Leet v. State,* 203 Md. 285, 293, 100 A.2d 789, 793 (1953); *Heinze v. State,* 184 Md. 613, 617, 42 A.2d 128, 130 (1945). In *Fletcher,* we held that an accused could not be found guilty of larceny of the use of a motor vehicle and receiving the same stolen motor vehicle. After reviewing the elements of each of these crimes, the Court pointed out that larceny of the use of a motor vehicle requires an intent to deprive an owner of the custody or use of such property temporarily, whereas receiving a stolen motor vehicle requires an intent to deprive an owner of such property permanently. The Court concluded that because the element of intent needed

to prove the crime of larceny of the use of a motor vehicle is inherently inconsistent with the element of intent needed to prove the crime of receiving the same stolen motor vehicle, convictions of both crimes, based upon the same evidence, were invalid. *Fletcher,* 231 Md. at 193, 189 A.2d at 644. *Accord Henry v. State,* 273 Md. 131, 137–38, 328 A.2d 293, 298 (1974).

Here the petitioner was convicted of assault and battery and use of a handgun in the commission of a crime of violence. The essential elements of the crime of assault involve an attempt to use unlawful force against the person of another. The essential elements of the crime of battery involve the use of unlawful force against the person of another. *Kellum v. State,* 223 Md. 80, 84–85, 162 A.2d 473, 476 (1960). There is nothing in the essential elements of either of these crimes that is inherently inconsistent with the elements of the crime of use of a handgun in the commission of a crime of violence. Under these circumstances, there was not a finding of guilt on two inconsistent counts. Accordingly, the principle established in *Fletcher* is inapplicable and the convictions of assault and battery and use of a handgun are not invalid.

## IV

Finally, the petitioner contends that the trial court improperly excluded evidence presented to show that the shooting occurred in self-defense. The petitioner maintains that the trial court improperly excluded "[t]estimony as to whether [the victim] appeared angry, upset, unfriendly, whether he was 'high,' whether he was cursing or the words he used indicated to those around him that his mental state was dangerous, whether he seemed to be threatening others, whether his hand movements indicated that he might be reaching for a weapon ... and whether he refused to comply with reasonable requests to remove himself from a situation where he appeared to be threatening others...."

There are many circumstances when erroneous rulings on the admissibility of evidence do not constitute prejudicial error requiring reversal. If evidence is erroneously excluded at one point in a trial but nonetheless is admitted without objection at another point in the trial, the erroneous exclusion is nonprejudicial. *St. Luke's House Inc. v. DiGiulian,* 274 Md. 317, 324, 336 A.2d 781, 785 (1975); *Baldwin v. State,* 226 Md. 409, 414–15, 174 A.2d 57, 60 (1961); *Niemoth v. State,* 160 Md. 544, 552, 154 A. 66, 69 (1931). Similarly, if a question is answered and subsequently an objection is made and erroneously sustained, the erroneous ruling is nonprejudicial in the absence of a motion to strike. *Maryland & Pennsylvania Railroad v. Tucker,* 115 Md. 43, 52, 80 A. 688, 692 (1911); *see Spriggs v. Levitt & Sons, Inc.,* 267 Md. 679, 682, 298 A.2d 442, 444 (1973); *Kennedy v. Crouch,* 191 Md. 580, 586, 62 A.2d 582, 585 (1948). Moreover, the question of whether the exclusion of evidence is erroneous and constitutes prejudicial error is not properly preserved for appellate review unless there has been a formal proffer of what the contents and relevance of the excluded testimony would have been. *Hooton v. Kenneth B. Mumaw Plumbing & Heating Co.,* 271 Md. 565, 571, 318 A.2d 514, 517 (1974); *Keys v. Keys,* 251 Md. 247, 250, 247 A.2d 282, 285 (1968); *Katz v. Simcha Co.,* 251 Md. 227, 239, 246 A.2d 555, 562 (1968); *Fowler v. Benton,* 229 Md. 571, 575, 185 A.2d 344, 347 (1962); *see* Md.Rule 3–517(c) (formerly Md.Rule 522 b).

A careful review of the record in this case reveals that some of the trial court's rulings excluding evidence were nonprejudicial because evidence of the same nature was ultimately admitted without objection. Moreover, a number of the trial court's rulings sustaining an objection were made after the evidence reached the jury and no motion to strike was made. Finally, on some few occasions, the petitioner failed to make the requisite proffer to the trial court explaining the contents and relevancy of the excluded testimony. Under these circumstances, even if we assume that some of the trial court's rulings excluding evidence

**604**

were erroneous, reversal is not warranted here, either because those rulings were nonprejudicial or because the question of prejudicial error was not preserved for appellate review.

JUDGMENTS OF THE COURT OF SPECIAL APPEALS AFFIRMED.

COSTS TO BE PAID BY THE PETITIONER.

MURPHY, C.J., has authorized me to state that he concurs in the result.