522 A.2d 945

**Frederick Allen CHRISTIAN**

v.

**STATE of Maryland.**

**No. 152 Sept. Term, 1985.**

Court of Appeals of Maryland.

March 27, 1987.

[redacted]

---

Gary S. Offutt, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., SMITH,* ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

COLE, Judge.

■ We granted certiorari in this case to determine whether, prior to sentencing, a trial court may reconsider and vacate its order granting a criminal defendant a new trial.

The relevant facts may be recounted briefly. Christian was convicted on May 3, 1984, of daytime housebreaking, breaking and entering, and theft. A day later, and prior to sentencing, Christian filed a motion for a new trial. Christian's motion alleged that the trial court erred in admitting certain testimony regarding statements Christian had made to the victim. Christian contended that the trial court should have excluded the statements because the State had not informed defense counsel of the statements' existence prior to trial and, thus, had failed to comply with Maryland

---

* Smith, J., now retired, participated in the hearing and conference of this case while an active member of this Court: after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

Rule 741.[1] The State contended that Christian was not entitled to a new trial because the trial court had properly admitted the testimony. The State maintained that the testimony regarding Christian's statements was properly admitted because Rule 741 required the State to disclose only those statements that the defendant had made to state agents. The trial court agreed with Christian's interpretation of the Rule and granted his motion for a new trial.

On September 18, 1984, the State filed a motion seeking revision of the trial court's new trial order. The State based its motion on our decision of a few days earlier in *White v. State*, 300 Md. 719, 481 A.2d 201 (1984). In *White*, we answered the precise question posed by Christian's motion for a new trial, *i.e.*, we held that Rule 741 required the State to disclose to defense counsel prior to trial only those statements the defendant had made to state agents. *Id.* at 736, 481 A.2d at 209. Accordingly, the trial court granted the State's motion to revise its new trial order and on October 4, 1984 vacated its order granting Christian a new trial, noting that Christian's original conviction would stand. The court sentenced Christian on the same day. Christian appealed to the Court of Special Appeals, which affirmed the trial court. *Christian v. State*, 65 Md.App. 303, 500 A.2d 341 (1985). We granted certiorari to review the question of whether a trial judge has the authority to

---

**1.** Rule 741 has been amended without substantive change and is now Rule 4–263. Rule 4–263 provides in relevant part:

*Rule 4–263. Discovery in Circuit Court*

Discovery and inspection in circuit court shall be as follows:

. . . .

(b) *Disclosure Upon Request.*—Upon request of the defendant, the State's Attorney shall:

. . . .

(2) *Statements of the Defendant.*—As to all statements made by the defendant to a State agent that the State intends to use at a hearing or trial, furnish to the defendant, but not file unless the court so orders: (A) a copy of each written or recorded statement, and (B) the substance of each oral statement and a copy of all reports of each oral statement[.]

reconsider and vacate his prior order granting a new trial. We conclude that he does.

Christian makes three basic arguments that the trial court lacked jurisdiction to strike its order granting him a new trial. First, Christian argues that Rule 770 [2] did not provide authority for a trial court to *reconsider* a new trial motion because Rule 770 provided only that the court could *grant* or *deny* a motion for a new trial. Second, Christian argues that the trial court had no authority to reconsider its order granting him a new trial because a new trial order is a final appealable judgment under Maryland law. Finally, Christian argues that, if we allow a trial judge to reconsider his grant or denial of a new trial, we should limit the time

---

**2.** Rule 770 provided:

*Rule 770. New Trial.*

    a. *Motion by Defendant.* Upon motion of the defendant filed within three days after a verdict the court, in the interest of justice, may order a new trial.

    b. *Newly Discovered Evidence.* Upon motion filed within one year after the imposition of sentence or within one year after receipt by the court of a mandate issued by the Court of Appeals or the Court of Special Appeals, whichever is later, a court may grant a new trial or other appropriate relief on the ground of newly discovered evidence, which, by due diligence, could not have been discovered in time to move for a new trial pursuant to section a of this Rule.

    c. *Revisory Power of Court.* For a period of 90 days after the imposition of a sentence, or thereafter, pursuant to a motion filed within that period, the court has revisory power and control over the judgment to set aside an unjust or improper verdict and grant a new trial. After the expiration of that period, the court has revisory power and control over the judgment only in case of fraud, mistake or irregularity.

    d. *Form of Motion.* A motion filed pursuant to this Rule shall be in writing and shall state in detail the grounds upon which it is based.

    e. *Hearing, Decision of Court.* The court shall afford the defendant or his counsel and the State's Attorney an opportunity to be heard on a motion filed pursuant to this Rule. A revision of the judgment shall be made on the record in open court. The court shall state its reasons for setting aside a judgment and granting a new trial.

Rule 770 has been amended without substantive change and is now Rule 4–331.

within which he may do so to a period of thirty days or the term of the court in which the order was entered.

The State, on the other hand, argues that a new trial order is an interlocutory order that is subject to the court's revisory power. Furthermore, the State maintains that the time limits Christian suggests for the reconsideration of a new trial order are applicable only to final judgments and, thus, are inapplicable to new trial orders, which are interlocutory.

We agree with the State, and conclude that the trial court's new trial order was an interlocutory order and, as such, was subject to the court's revisory power prior to Christian's sentencing. We explain how we arrive at our conclusion.

In *Sigma Reproductive Health Center v. State,* 297 Md. 660, 664–65, 467 A.2d 483, 485–86 (1983), we recognized the general rule that an appeal will only lie from a final, as opposed to an interlocutory, judgment. We further noted that, in a criminal case, a final judgment is not rendered until the court has entered a verdict and a sentence. *Id.* at 665, 467 A.2d at 485.

In our effort to distinguish a final appealable trial order from an interlocutory nonappealable trial order we cited several examples of both. Significantly, we included an order granting or denying a new trial as an example of an interlocutory nonappealable order. *Id.* at 667, 467 A.2d at 486 (citing *State v. Asherman,* 180 Conn. 141, 429 A.2d 810 (1980); *quoted in Dean v. State,* 302 Md. 493, 498–99, 489 A.2d 22, 24–25 (1985)).

In *Asherman,* the defendant argued that his appeal from the trial court's order denying him a new trial should not be dismissed because it was an appeal from an interlocutory order. Asherman argued that the motion for a new trial was a separate and distinct proceeding, from which he could directly appeal. The court rejected Asherman's argument, noting that "a motion for a new trial [, when] filed in a case then in progress or pending[,] ... is merely a gradation in

that case leading to a final judgment." *State v. Asherman,* 180 Conn. at 144, 429 A.2d at 812 (citation omitted). The *Asherman* court further noted that errors claimed in relation to a new trial motion made before a final judgment is rendered may be considered on appeal from the final judgment. *Id.* at 144, 429 A.2d at 813.

We are in agreement with the *Asherman* court, and conclude that an order granting or denying a new trial to a criminal defendant prior to sentencing is an interlocutory nonappealable order. Accordingly, we hold that an order granting or denying a new trial may be reconsidered anytime prior to sentencing in a criminal case.[3]

In *People v. Weller,* 679 P.2d 1077 (Colo.1984) (en banc), the Supreme Court of Colorado held that a trial court may rescind its order granting a new trial when the rescission order is entered before a final judgment is rendered or an appeal filed. The court analogized the issue of whether a trial court could reconsider a new trial motion to the issue of whether a trial court could reconsider a ruling previously made on a motion to suppress.[4] The *Weller* court quoted its decision in *People v. Lewis,* 659 P.2d 676 (Colo.1983), in which it had held that a trial judge had the discretion " 'to entertain a motion to reconsider a previously denied motion to suppress when the motion to reconsider is predicated on a ... substantial [change] in the law [that] render[s] the prosecutor's evidence inadmissible at trial.' " *Weller,* 679 P.2d at 1081 (quoting *People v. Lewis,* 659 P.2d at 680). The *Weller* court further noted:

> [I]t would make little sense to hold that if a judge responsible for the final judgment perceived that a motion for a new trial had been granted erroneously, he

---

3. We expressly leave open the question of whether a new trial order entered *after* final judgment may be reconsidered and, if so, within what time it may be reconsidered.

4. In *Matthews v. State,* 59 Md.App. 15, 21–22, 474 A.2d 530, 533–34 (1984), the Court of Special Appeals held that a trial court could reconsider its ruling on a motion to suppress prior to the entry of a final judgment.

nonetheless could not reconsider his order before final judgment is entered or a notice of appeal filed. It also would make little sense for us to require the expense and burdens of a new trial if the judge who originally ordered the trial believes that he erred in granting the new trial motion.

*People v. Weller*, 679 P.2d at 1081. *See also United States v. Spiegel*, 604 F.2d 961, 971 (5th Cir.1979) (trial court had jurisdiction to reconsider grant of new trial where no judgment of conviction had been entered); *People v. Jones*, 690 P.2d 866, 868 (Colo.Ct.App.1984) (trial court had jurisdiction to reconsider order granting new trial because order does not constitute an appealable final judgment); *People v. Thompson*, 38 Ill.App.3d 101, 347 N.E.2d 481, 483 (1976) (order granting new trial is interlocutory when entered prior to sentencing and, as such, may be reconsidered); *cf. Gallimore v. Missouri Pac. R.R. Co.*, 635 F.2d 1165 (5th Cir.1981) (order granting new trial destroys the finality of the judgment and, thus, is interlocutory and may be reconsidered); *United States v. F.D. Rich Co., Inc.*, 520 F.2d 886, 888 (9th Cir.1975) (relying on *Bateman v. Donovan*, 131 F.2d 759, 764 (9th Cir.1943) to hold that a new trial order, being interlocutory, is subject to rescission or modification any time before entry of final judgment); *Bateman v. Donovan*, 131 F.2d 759, 764 (9th Cir.1943) (an order granting a new trial is interlocutory because it leaves the parties before the court and, as such, may be set aside if erroneously granted); *Wolff v. Arctic Bowl, Inc.*, 560 P.2d 758, 763 (Alaska 1977).

■ We similarly find that it is utterly illogical to preclude a trial judge from reconsidering his order granting or denying a new trial when that order is made prior to the entry of a final judgment, particularly under the circumstances *sub judice.* The trial judge granted Christian's motion for a new trial based upon his interpretation of the . rule. Subsequent to the trial court's granting Christian a new trial, but prior to the entry of a final judgment, this Court made clear that the trial court's interpretation of the

rule was erroneous. Consequently, the trial judge changed his ruling to conform with our interpretation. If we were to disallow the trial court from reconsidering its order under these circumstances, Christian would receive a bonus trial, so to speak, because under our holding in *White v. State,* 300 Md. 719, 481 A.2d 201, there exists absolutely no reason why Christian is entitled to a new trial.

Our holding today is consistent with previous decisions of both this Court and the Court of Special Appeals. In *Davidson v. Miller,* 276 Md. 54, 344 A.2d 422 (1975), we addressed the question of whether, in the context of a *civil* proceeding, a trial court possesses the power to vacate its order granting a new trial and reinstate the verdict. We held that a trial court does possess such authority and may exercise it anytime prior to the enrollment of a final judgment.

In *Williamson v. State,* 25 Md.App. 338, 333 A.2d 653, *cert. denied,* 275 Md. 758 (1975), the Court of Special Appeals was faced with the question of whether, in a criminal context, a trial court has the authority to deny a motion for a new trial after having previously stated that it would grant the motion. Although the Court of Special Appeals found that the trial judge never actually granted the motion, and thus, could deny it, the intermediate appellate court noted that even if the trial judge had actually granted the motion it would have been within his authority to reconsider and deny the motion. *Id.* at 348–49, 333 A.2d at 658–59 (citing 24 C.J.S. *Criminal Law,* § 1510, 58 Am. Jur.2d *New Trial,* § 217, Annot., 145 A.L.R. 400).

■■■■ Christian argues that, if we conclude, as we have, that a trial judge may reconsider his order granting a criminal defendant a new trial, we should impose some limitation on the time within which the judge may exercise this authority. Christian apparently finds persuasive that line of cases holding that a trial court may reconsider its ruling on a motion for a new trial during either the term of court in which the original ruling was made, or some other

period provided by statute. Christian maintains that because the term of court expired before the State filed its motion for reconsideration we should conclude that the trial court lacked jurisdiction to consider the State's motion. Christian fails, however, to consider the fact that the court had not sentenced Christian prior to the expiration of its term, and thus had not rendered a final judgment in the matter. Moreover, the cases cited by Christian rely on the common law doctrine that a court has plenary authority over its judgments and orders during the term at which they are entered. *E.g., Hefton v. State*, 206 Ind. 663, 667, 190 N.E. 847, 849 (1934); *State v. Luft*, 104 Kan. 353, 358, 179 P. 553, 555 (1919); *Dimmel v. State*, 128 Neb. 191, 258 N.W. 271, 272 (1935); *Phillips Petroleum Co. v. Davis*, 194 Okla. 84, 147 P.2d 135, 141 (1942). Maryland also adopts this common law principle in both civil and criminal cases. *Ayre v. State*, 291 Md. 155, 159–60, 433 A.2d 1150, 1153 (1981); *see Hensley v. State*, 301 Md. 178, 180, 482 A.2d 868, 869 (1984). However, these cases are inapposite to the case *sub judice*. Here, we decide only that a trial court has the authority to reconsider an interlocutory order. Therefore, we need not consider the question of whether a trial court may reconsider a new trial order entered after a final judgment. Moreover, this question was neither briefed nor argued before the Court.

■ Similarly, the statutory thirty-day period suggested by Christian as a limitation upon the time within which a trial court may reconsider a new trial order is applicable only to final judgments and as such is inapplicable to an interlocutory new trial order. Maryland Code (1957, 1984 Repl. Vol.), § 6–408 of the Courts and Judicial Proceedings Article.

In sum, we conclude that a trial court may reconsider its order granting or denying a new trial when both the original order and the reconsideration thereof are entered prior to a final judgment. Accordingly, the trial court's reconsideration of Christian's new trial order was entirely appropri-

ate because it was made prior to Christian's sentencing and, thus, prior to final judgment.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY APPELLANT.