569 A.2d 1276

Vincent **MIDDLETON**

v.

**STATE of Maryland.**

**No. 97, Sept. Term, 1988.**

Court of Appeals of Maryland.

Feb. 28, 1990.

George E. Burns, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued Before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL,* JJ., and CHARLES E. ORTH, Jr., Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

* Blackwell, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

ELDRIDGE, Judge.

In this criminal case, a jury found the defendant guilty both of first degree rape and of the concededly lesser included offense of second degree rape. Prior to imposing sentence, the trial judge vacated the guilty verdict on the count charging first degree rape. The trial judge then sentenced the defendant to fifteen years imprisonment for second degree rape. Thereafter, while the case was pending on appeal, the trial judge reconsidered his order vacating the guilty verdict for first degree rape, reinstated the guilty verdict on the first degree charge, and imposed a fifteen year sentence for first degree rape. The issue before this Court concerns the propriety of the trial judge's subsequent reinstatement of the first degree rape guilty verdict and imposition of sentence on that charge under the particular circumstances of this case.

## I.

A seventeen-year-old female, after meeting the defendant Vincent C. Middleton outside a bar, voluntarily accompanied Middleton to his apartment. She claimed that after she refused Middleton's request to engage in sexual activity, he displayed a handgun, showed her that one bullet was in its chamber, brandished the handgun in her face, pulled back the trigger, and told her that he would use it if she did not submit. Thereupon she submitted to vaginal intercourse. She also alleged that Middleton attempted to have anal intercourse with her but desisted when she complained of pain. Middleton admitted that the two engaged in sexual intercourse in his apartment on that occasion but claimed that it was consensual. He denied using threats or displaying a handgun.

After the incident, Middleton and the female went together by car to a residence in Washington, D.C., where she exited the car. The residence belonged to her boyfriend. At the boyfriend's suggestion, she called the police, who arrested Middleton later that day. A search conducted by

the police failed to recover any handgun from Middleton's apartment.

The Montgomery County Grand Jury indicted Middleton on eight counts:

Count 1—First degree rape;

Count 2—Second degree rape;

Count 3—Use of a handgun in the commission of a felony or crime of violence;

Count 4—First degree sexual offense;

Count 5—Second degree sexual offense;

Count 6—Attempted first degree sexual offense;

Count 7—Attempted second degree sexual offense;

Count 8—Battery.

Middleton was tried by a jury in the Circuit Court for Montgomery County. The State nol prossed count 8 before the jury was sworn. After a three day trial, the jury returned guilty verdicts on counts 1, 2, 6 and 7, but found Middleton not guilty on counts 3, 4 and 5.

Middleton filed a timely motion for a new trial based on, *inter alia,* an inconsistency between the guilty verdict for first degree rape and the not guilty verdict for use of a handgun in the commission of a felony or crime of violence.[1] Later, Middleton made a second motion to strike the guilty verdict for first degree rape, based on the same inconsistency. Thus, while Middleton had two motions pending before the trial judge, both motions were grounded, at least partially, on an inconsistency between two verdicts.

At the hearing on his motions, Middleton asserted that the only evidence presented to the jury that could raise the alleged rape from second degree to first degree was his use

---

1. The other grounds for the motion were the court's refusal to order a mistrial after a police officer testified that Middleton was shot shortly after the incident, the State's decision one week before trial to call an expert witness who testified that the prosecutrix suffered from post traumatic stress disorder, and the emotional impact on the jury of that expert testimony coupled with the crying of the prosecutrix in court during closing arguments.

of a handgun. The proof of the use of a handgun was based entirely on the prosecutrix's testimony. The not guilty verdict on the handgun charge, according to Middleton, indicated that the jury simply did not believe the allegations that a handgun was used.

The State, in opposing Middleton's motions, emphasized that under Maryland law, inconsistent verdicts by a jury are normally tolerated. *See, e.g., Wright v. State*, 307 Md. 552, 576, 515 A.2d 1157 (1986); *Shell v. State*, 307 Md. 46, 53–55, 512 A.2d 358 (1986); *Mack v. State*, 300 Md. 583, 593–594, 479 A.2d 1344 (1984); *Ford v. State*, 274 Md. 546, 337 A.2d 81 (1975). *See also Ferrell v. State*, 318 Md. 235, 248, 567 A.2d 937, 944 (1990). The State also argued that the verdicts were not inconsistent. According to the State, the jury might have been reluctant to find beyond a reasonable doubt that a real handgun, capable of firing a bullet, was used, especially since no gun had been recovered. The jury might have been willing, however, to find beyond a reasonable doubt that Middleton used an object which gave his victim a reasonable apprehension of imminent death or serious bodily harm.

After these arguments, the following exchange took place:

"THE COURT: With respect to the 2nd Degree Rape, for the purposes of sentencing, does that merge into the first?

"PROSECUTING ATTORNEY: Yes.

"THE COURT: You both agree on that?

"DEFENSE ATTORNEY: Absolutely, yes.

"THE COURT: All right. With respect to your Motion For A New Trial, that is denied.

"With respect to your motion regarding the use of a handgun in the commission of the rape in this case, raising it from 2nd to 1st Degree Rape, I find that your point is well taken, and I grant your motion as to the 1st Degree Rape Charge."

Thereafter a dispute arose concerning the effect of what the trial judge had done. Middleton asserted that the court's action amounted to an acquittal on the first degree rape charge. The court, however, took the position that it had merely vacated the guilty verdict for first degree rape because of inconsistency, had awarded a new trial as to that count, but had rejected the other grounds for Middleton's new trial motion.[2]

Next, the trial court sentenced Middleton to fifteen years imprisonment on the second degree rape conviction. With regard to the attempted first degree sexual offense conviction, the court imposed a sentence of fifteen years, with ten suspended and five to run consecutive to the sentence for second degree rape. Both sentences were to commence retroactively on the date of Middleton's incarceration. When counsel for Middleton asked the court whether "the remaining counts merge," the court responded that "the remaining counts would merge for the purposes of sentencing."[3]

"Usually, a criminal case is complete and disposed of when sentence has been pronounced." *Langworthy v. State*, 284 Md. 588, 596, 399 A.2d 578, 583 (1979). This case, however, took another unusual turn. Five days later the State filed a motion for reconsideration, asking the trial court to reinstate the original guilty verdict for first degree

---

2. We have stated that it is within a trial court's discretion to grant a new trial because of inconsistency in a jury's verdict. *Mack v. State*, 300 Md. 583, 601, 479 A.2d 1344 (1984). Of course, the new trial cannot include the charge as to which the defendant was acquitted at the first trial. Therefore, a guilty verdict at the new trial on the other charge cannot rectify the inconsistency. In light of this, the desirability of ordering a new trial because of inconsistent verdicts may be questionable.

3. Interestingly, there is no indication in the record that either party raised the question of how it was possible to have a new trial on the count charging first degree rape, where a final judgment, including a prison sentence, had been imposed for second degree rape. Neither side objected to or questioned the court's decision to impose a sentence on the second degree rape conviction.

rape. The State did not, however, ask the court to reconsider or modify its judgment imposing a sentence for second degree rape. Thus, it appears that the State wanted to preserve the 15–year sentence for second degree rape while it pursued a new sentence for first degree rape, based on the same incident.

While the State's motion for reconsideration was pending, Middleton filed a notice of appeal to the Court of Special Appeals from the judgments sentencing him for second degree rape and attempted first degree sexual offense. Those judgments were eventually affirmed by the Court of Special Appeals in an unreported opinion, and this Court denied Middleton's petition for a writ of certiorari, *Middleton v. State*, 313 Md. 8, 542 A.2d 845 (1988).[4]

After the notice of appeal was filed, the circuit court held a hearing on the State's motion for reconsideration. The State argued that the court had granted a new trial on the count charging first degree rape because of an erroneous understanding of the law concerning inconsistent jury verdicts. The State requested that the circuit court reinstate the original guilty verdict. Middleton insisted that the court had vacated the guilty verdict, that its action amounted to an acquittal, and that there could be no further proceedings on the first degree rape charge. Middleton also argued that, because he had noted an appeal, the court did not have jurisdiction to entertain the motion for reconsideration.

The circuit court granted the State's motion for reconsideration and reinstated the guilty verdict on the count charging first degree rape. The court ordered that a new sentencing date be set as to that count. On the day of sentencing, Middleton filed a motion to dismiss the first

---

4. In the Court of Special Appeals' unreported opinion, filed on February 24, 1988 (No. 848, September Term, 1987), the appellate court was cognizant that the jury had found Middleton guilty of first degree rape, but the court's opinion did not address the subsequent proceedings concerning the first degree rape charge or the legal effect of those proceedings.

degree rape charge. The circuit court denied that motion and sentenced Middleton to fifteen years imprisonment for first degree rape, the sentence to run concurrently with the previously imposed sentence for second degree rape.

Middleton took an appeal to the Court of Special Appeals from the judgment sentencing him for first degree rape, arguing that double jeopardy principles prohibited the reinstatement of the guilty verdict and the sentence for that offense. The Court of Special Appeals, by a divided court, affirmed. *Middleton v. State*, 76 Md.App. 402, 545 A.2d 103 (1988).

Middleton filed a petition for writ of certiorari, raising the question of whether the trial court's actions violated the prohibition against double jeopardy. We granted this petition and ordered that the parties also address the issue of whether the circuit court should have decided the State's motion for reconsideration after Middleton had filed his first order of appeal. Our disposition of the double jeopardy issue will make it unnecessary to consider the second question.

## II.

Middleton was entitled not to be twice placed in jeopardy for the same offense, under both the Double Jeopardy Clause of the Fifth Amendment and Maryland common law double jeopardy principles. *Daff v. State*, 317 Md. 678, 683, 566 A.2d 120 (1989); *State v. Ferrell*, 313 Md. 291, 297, 545 A.2d 653 (1988); *Wright v. State, supra*, 307 Md. at 561–562, 515 A.2d at 1162. Our decision in this case shall be based exclusively on Maryland common law.

The Maryland common law double jeopardy prohibition consists "of different but related rules," some of which embody "several distinct pleas at common law." *Pugh v. State*, 271 Md. 701, 705, 319 A.2d 542, 544 (1974).

One of those common law pleas, *autrefois convict*, generally means that " 'where there had been a final [judgment] ... of ... conviction, ... the defendant could not be a

second time placed in jeopardy for the particular offense.' " *Hoffman v. State,* 20 Md. 425, 434 (1863). *See* 4 Blackstone, *Commentaries On The Laws of England* 335–336 (Lewis, ed. 1897); 1 Chitty, *A Practical Treatise On The Criminal Law* 376 (1819) ("The plea of *autrefois convict* depends ... on the principle that no man shall be more than once in peril for the same offence").

Another, distinct, double jeopardy principle is that multiple sentences for the same offense are ordinarily precluded. *See, e.g., Nightingale v. State,* 312 Md. 699, 702–703, 542 A.2d 373 (1988); *State v. Frye,* 283 Md. 709, 393 A.2d 1372 (1978); *Newton v. State,* 280 Md. 260, 373 A.2d 262 (1977). *Cf. Whack v. State,* 288 Md. 137, 416 A.2d 265 (1980), *cert. denied and appeal dismissed,* 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981) (discussing the exceptions to the general rule precluding multiple sentences). *See also Frazier v. State,* 318 Md. 597, 612, 569 A.2d 684 (1990).

It is undisputed in this case that first degree rape and second degree rape constitute the "same offense" for double jeopardy purposes. The normal test employed to make this determination, when a person is charged with different offenses growing out of the same transaction, is the "same evidence" or "required evidence" test. *See, e.g., Hagans v. State,* 316 Md. 429, 449 n. 8, 559 A.2d 792 (1989); *State v. Ferrell, supra,* 313 Md. at 297, 545 A.2d at 656; *Nightingale v. State, supra,* 312 Md. at 702–703, 542 A.2d at 374–375; *Brooks v. State,* 284 Md. 416, 423, 397 A.2d 596 (1979); *Thomas v. State,* 277 Md. 257, 262–267, 353 A.2d 240 (1976). This test was articulated in *Morey v. Commonwealth,* 108 Mass. 433, 434 (1871), adopted by the Supreme Court in *Gavieres v. United States,* 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911), and later applied by that Court in the often-cited *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). We have defined the test as follows (*Thomas v. State, supra,* 277 Md. at 267, 353 A.2d at 246–247):

> "The required evidence is that which is minimally necessary to secure a conviction for each ... offense. If each

offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes."

Moreover, "[w]hen a multi-purpose criminal statute is involved, we refine [the test] by looking at the alternate elements relevant to the case at hand." *Nightingale v. State, supra,* 312 Md. at 705, 542 A.2d at 376.

In the present case, in order to sustain a conviction of second degree rape under Maryland Code (1957, 1987 Repl. Vol., 1989 Cum.Supp.), Art. 27, § 463, the State was required to prove that Middleton "engage[d] in vaginal intercourse with another person ... [b]y force or threat of force against the will and without the consent of the other person...." To sustain a conviction for first degree rape under Art. 27, § 462, the State was required to prove that Middleton "engage[d] in vaginal intercourse with another person by force or threat of force against the will and without the consent of the other person and ..." that at least one enumerated aggravating factor was present. The aggravating factor relied on by the State in this case was Middleton's alleged use of a handgun, as proscribed by § 462(a)(1). In this case, only one offense, first degree rape, required proof of an additional fact, so that all the elements of second degree rape were present in first degree rape. Thus, the two offenses were the same for double jeopardy purposes. Second degree rape constituted a lesser included offense of first degree rape. *See Hagans v. State, supra,* 316 Md. at 449, 559 A.2d at 801.

The ultimate result in this case, under all of the circumstances, violated both the double jeopardy principle embodied in the plea of *autrefois convict* and the double jeopardy

prohibition against multiple punishments for the same offense.[5]

At the time the trial judge imposed a fifteen year prison sentence for second degree rape, the verdict on the first degree rape charge had been set aside. Moreover, the second degree rape charge had been fully litigated; the State had sought the guilty verdict on the second degree rape charge, and the State made no objection to the trial judge's sentencing Middleton for second degree rape. *Cf. Ohio v. Johnson*, 467 U.S. 493, 501–502, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425 (1984).

Our decisions have repeatedly pointed out that the rendition of sentence or other sanction, upon a verdict of guilty of a particular offense, constitutes a final judgment in the criminal prosecution for that offense. *See, e.g., Telak v. State*, 315 Md. 568, 575, 556 A.2d 225, 228 (1989) ("The final judgment in a criminal case consists of the verdict and, except where there is an acquittal, the sanction imposed, which is normally a fine or sentence of imprisonment or both"); *Christian v. State*, 309 Md. 114, 119, 522 A.2d 945 (1987); *Jones v. State*, 298 Md. 634, 637, 471 A.2d 1055, 1057 (1984); *Sigma Reproductive Health Center v. State*, 297 Md. 660, 665–666, 467 A.2d 483, 485 (1983); *Lewis v. State*, 289 Md. 1, 4, 421 A.2d 974 (1980); *Langworthy v. State, supra.* Consequently, when the trial court imposed

---

**5.** The double jeopardy discussions in the majority and dissenting opinions in the Court of Special Appeals focused primarily upon a third double jeopardy principle, namely the common law plea of *autrefois acquit*, which concerns the finality of an acquittal. *See, e.g., Daff v. State*, 317 Md. 678, 566 A.2d 120 (1989); *Wright v. State*, 307 Md. 552, 562–569, 515 A.2d 1157 (1986); *Brooks v. State*, 299 Md. 146, 153–155, 472 A.2d 981 (1984); *Block v. State*, 286 Md. 266, 268, 407 A.2d 320 (1979); *Pugh v. State*, 271 Md. 701, 319 A.2d 542 (1974); *State v. Shields*, 49 Md. 301, 303 (1878). The dissenting opinion in the Court of Special Appeals took the position that the trial judge, when he granted the defendant's "motion as to the 1st Degree Rape Charge," had in effect acquitted the defendant of that charge, and that under the circumstances this "acquittal" barred any subsequent proceedings on the first degree rape charge. *See* 76 Md.App. at 412–417, 545 A.2d at 108–111. In light of our holdings in this case, we need not reach the issue discussed in the opinions of the Court of Special Appeals.

and entered the fifteen year sentence for second degree rape, there was a final judgment for that offense.

Moreover, as there was neither a sentence nor even an extant guilty verdict for first degree rape at the time the trial court imposed the sentence for second degree rape, and as first degree and second degree rape constitute the same offense, the imposition of the fifteen year sentence for second degree rape amounted to a final judgment for the offense of rape which had been charged in counts one and two of the indictment. The subsequent hearing and reinstatement of the guilty verdict, and sentence for first degree rape, ignored the finality of the judgment which had previously been rendered. Under the circumstances of this case, the proceedings and second fifteen year sentence, following the earlier final judgment of conviction for the same offense, were barred under the principle of *autrefois convict*. *See, e.g., Parojinog v. State*, 282 Md. 256, 384 A.2d 86 (1978); *Thomas v. State, supra*, 277 Md. 257, 353 A.2d 240. *See also Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977) ("Whatever the sequence may be, the [Double Jeopardy Clause of the] Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense").[6]

In addition, the effect of the trial court's action was obviously inconsistent with the double jeopardy principle that multiple sentences ordinarily cannot be imposed for the same offense. We have repeatedly held that separate sentences, even if concurrent, for a greater and lesser included offense, based on the same act or transaction, are normally prohibited. *See, e.g., Nightingale v. State, supra,*

---

6. The State in its brief states that "[a] trial court is authorized to reconsider its ruling on a motion for new trial at any time prior to sentencing. *Christian v. State*, 309 Md. 114, 120, 522 A.2d 945 (1987). No sentence had been imposed for the first degree rape at the time the grant of the motion was reconsidered." (Brief of respondent at p. 13 n. 6). This argument ignores the fact that a sentence had been imposed for second degree rape, and that first and second degree rape are the same offense for double jeopardy purposes.

312 Md. 699, 542 A.2d 373; *State v. Frye, supra,* 283 Md. 709, 393 A.2d 1372; *Newton v. State, supra,* 280 Md. 260, 373 A.2d 262. Here, in violation of the teaching of those cases, the trial court imposed a fifteen year sentence for second degree rape and a separate fifteen year sentence for first degree rape. Usually when a trial court does this, we would vacate the sentence for the lesser included offense. In the present case, however, the sentence for the lesser included offense had been imposed at an earlier time, had become final, and the case was on appeal when the sentence for the greater offense was imposed. Furthermore, the case involving the lesser included offense is not before this Court at this time, is entirely final including all appeals, and is beyond our reach. Under the peculiar circumstances here, the principle precluding multiple sentences for the same offense entitles the defendant to have the sentence for first degree rape overturned.

For these reasons, therefore, the judgments below must be reversed.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY WITH REGARD TO THE OFFENSE OF FIRST DEGREE RAPE. MONTGOMERY COUNTY TO PAY COSTS IN THE COURT OF SPECIAL APPEALS AND IN THIS COURT.