583 A.2d 1097

**Thomas Lauren PFOFF**

v.

**STATE of Maryland.**

**Post Conviction No. 129, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

Jan. 11, 1991.

Thomas Lauren Pfoff, pro se.

No answer filed on behalf of the State.

Submitted before WILNER, C.J., and ALPERT and BLOOM, JJ.

WILNER, Chief Judge.

On November 26, 1985, Thomas Lauren Pfoff, the applicant, was convicted by a jury in the Circuit Court for Baltimore County of first-degree sexual offense and kidnapping. Judge Hinkel presided at the trial. It appears that applicant filed a motion for new trial, which was denied. The convictions were affirmed by this Court in an unreported *per curiam* opinion, *Pfoff v. State*, No. 369, September Term, 1986, filed December 11, 1986.

Applicant filed his first post-conviction petition under Md.Ann.Code art. 27, §§ 645A–645J on February 20, 1987. That petition was denied by the Honorable William M. Nickerson, then a judge of the Circuit Court for Baltimore County. An application for leave to appeal was denied by this Court in *Pfoff v. State*, Application for Leave to Appeal, No. 76, September Term, 1987, filed December 28, 1987 (unreported), *cert. denied*, 314 Md. 193, 550 A.2d 381 (1988).

Applicant then sought Federal *habeas corpus* relief, complaining of ineffective assistance of counsel at his trial. The case was heard by the Honorable Walter E. Black of the United States District Court for the District of Maryland. Judge Black noted that applicant had presented three reasons why he believed that he had received ineffective assistance from his trial counsel:

(1) Counsel allowed the State to introduce perjured testimony from the prosecutrix based on a "free sketch" map which counsel knew to be inaccurate.

(2) Counsel knowingly permitted the State to use false evidence contained in a medical report and subsequently allowed the jury to be instructed with such evidence.

(3) Counsel allowed the petitioner to be prejudiced at his sentencing.

Judge Black determined that, while applicant had exhausted his second and third complaints in the State post-conviction proceeding, he had not raised the first complaint in the State courts. The judge reached this conclusion on the basis that the "State court argument merely raise[d] counsel's lack of diligence in asserting the alleged perjury, [whereas] the instant claim alleges serious intentional misconduct on the part of counsel, including collusion with the prosecution and intentional suppression of favorable evidence."

Judge Black dismissed the *habeas corpus* petition and directed applicant to file another State post-conviction petition.

Applicant filed his second post-conviction petition on July 26, 1990, and in it again complained that his trial counsel had rendered ineffective assistance. In setting forth his allegations of error, applicant simply repeated the three complaints which Judge Black had listed in his memorandum. Applicant did not offer any additional factual information to support his allegations.

The second petition was assigned, inappropriately, to Judge Hinkel. In an order issued September 26, 1990, Judge Hinkel dismissed the petition, without a hearing, on the ground that the issues contained in the petition had previously been resolved in the first post-conviction case. No reference was made in the order to Judge Black's contrary conclusion with respect to the first complaint, although a copy of Judge Black's memorandum opinion and

order is in the record and was apparently attached to the post-conviction application.

Applicant now seeks leave to appeal Judge Hinkel's order, complaining that Judge Hinkel, who presided at his trial, should not have ruled upon the post-conviction action without his (applicant's) consent. Applicant's complaint has merit. Md.Rule 4–406(b) expressly provides that a judge who presides at trial may not also decide a petitioner's post-conviction case unless the petitioner consents. There is nothing in the record to show that the required consent was given, and, as the matter was disposed of without a hearing, it does not appear that applicant had any practical ability to object. As a consequence, this case must be remanded for another proceeding before another judge. *Taylor v. Director,* 1 Md.App. 23, 226 A.2d 358 (1967).

■ Upon remand, applicant must develop a proper record as to precisely what issues were before Judge Nickerson in the first petition and clarify just what complaints he is making in this petition. As we indicated, Judge Black concluded that the first complaint made in the Federal *habeas corpus* petition had not previously been presented to the State court, whereas Judge Hinkel apparently concluded that it had been presented to and resolved by Judge Nickerson. Because applicant's first petition for post-conviction relief is not in the record before us, we cannot determine whether Judge Black or Judge Hinkel was correct.

Ordinarily, we would conclude the Opinion at this point, as we have already set forth the reasons for our decision in the case. Because appellate opinions in these cases are so rarely published, however, and because we are beginning to see a number of recurring departures from the requirements governing post-conviction proceedings, we are taking the liberty of reviewing some of those requirements in order to remind petitioners, prosecutors, judges, and the bar generally of their existence. According to the 1989–90 Annual Report of the Maryland Judiciary, 231 such petitions were filed in the circuit courts in FY 1990. During

the same year, this Court disposed of 135 applications for leave to appeal from the denial of post-conviction relief. These proceedings are not an insignificant part of our judicial business. They are obviously important to the petitioner, as well as to the State, and they sometimes present issues of law or fact that require very careful consideration. They should not be treated cavalierly by anyone.

The petitioner is the person who must initially set forth the allegation of error. Md.Rule 4–402 requires that the petition include "[t]he allegations of error upon which the petition is based," a "concise statement of facts supporting the allegations of error," a statement of "all previous proceedings, including appeals, motions for new trial and previous post conviction petitions, and the determinations made thereon," and a "statement of the facts or special circumstances which show that the allegations of error have not been waived." A petitioner is entitled to relief under the Post Conviction Procedure Act only if his complaint (1) is substantively cognizable under the Act and (2) has not "been previously and finally litigated or waived...." Md. Ann.Code art. 27, § 645A(a). See also § 645A(b) and (c) defining when an issue has been "finally litigated" or "waived." Because these are conditions precedent to relief, it is important that the petition address them with adequate precision to allow the court to rule upon them.

We are aware, of course, that most petitioners under the Act are untrained in the law, that many proceed *pro se*, and that often the underlying facts, procedural history, and legal propositions are not well articulated. Of course, if the petition is so deficient that the court cannot reasonably determine the nature of the complaint, it may be denied on that basis, as failing to comply with the requirements of the Rule. But where that is not the case—where, despite some vagueness in the language, the nature of the complaint is ascertainable—the court may not use imprecise language as an excuse not to give full consideration to the complaint.

Petitioners may, indeed should, be held to substantial compliance with the requirements of Rule 4–402(a), but if the petition *does* substantially comply, it must be given due and fair consideration.

Rule 4–404 requires the State's Attorney to file a response to the petition, generally within 15 days after notice of its filing. Unlike its civil analog, Rule 2–323, the Rule does not specify what must be in the response. Nonetheless, it stands to reason that the response should address each material averment in the petition and should present with sufficient precision and clarity any defense that the State wishes to present. If, as here, the State believes that the complaint has been finally litigated or waived, or is for some other reason not cognizable in the proceeding, it must present to the court, either in the response or in some other appropriate manner, the factual basis for such a defense. This becomes especially important in the case of subsequent petitions, not only because of Md.Ann.Code art. 27, § 645A(a)(2) limiting a petitioner to two petitions arising from the same trial, but also because under Rule 4–406(a) a hearing is not required in order to deny a subsequent petition. Thus, where a subsequent petition is involved, the prosecutor must be particularly careful to present the factual basis for any defense in the response or in an attachment to the response. This will enable the court (1) to determine whether a hearing is appropriate, and (2) if not, to resolve the issue.

This would not appear to be an onerous burden. If, for example, the State contends that the issues presented were, or could have been, presented and resolved in an earlier post-conviction proceeding it should include with its response, or otherwise properly place into evidence, a copy of the petition or the judge's memorandum filed in that proceeding. Similarly, if it believes that the issues were, or could have been, raised and decided in an earlier appeal, a copy of the appellate court's opinion will normally document

that assertion.[1]

■ The judge also has a clear responsibility, which we occasionally find is not discharged. Rule 4–407(a) states:

"The judge shall prepare or dictate into the record a statement setting forth separately each ground upon which the petition is based, the federal and state rights involved, the court's ruling with respect to each ground, and the reasons for the action taken thereon. If dictated into the record, the statement shall be promptly transcribed."

In effect, Rule 4–407(a) requires a three-step process. The first step, obviously, is to identify each complaint made by the petitioner. The source for this will ordinarily be the petition itself, or any amendments to it, although occasionally matters mentioned in the petition will be supplemented or clarified by evidence presented at a hearing or other presentations made to the court. It is important that the court, in its memorandum or dictated statement, identify those complaints with sufficient precision and completeness that, on an application for leave to appeal or in subsequent collateral proceedings, the court can determine with some assurance what, in fact, was litigated. Thus, for example, if it were the case, the court should identify the complaint as

"Petitioner was denied the effective assistance of counsel in contravention of the Sixth and Fourteenth Amendments to the U.S. Constitution and article 21 of the Maryland Declaration of Rights because trial counsel neglected to conduct discovery and thereby failed to uncover an available alibi witness, who would have dis-

---

1. The State's response in this case simply averred that "the allegations raised in this subsequent Petition regarding ineffective assistance of counsel are the same allegations the Petitioner raised in his first Post Conviction Petition" and that Judge Nickerson "addressed these same allegations in his opinion filed July 28, 1987...." Judge Nickerson's opinion is not in the record, however, and therefore, we presume, was not considered by Judge Hinkel. Nor was any mention made in the State's response of Judge Black's contrary conclusion, although his memorandum *was* in the record. Under the circumstance, this was an incomplete and, to some extent, a misleading response.

credited the testimony presented by the State's eye-witness"

rather than as simply

"Trial counsel rendered ineffective assistance."

The ability of the court to carry out this duty naturally rests upon the complaint being sufficiently described by the petitioner. We have already commented on that. Our point here is that, where the complaint is sufficiently articulated by the petitioner to allow the court to consider and rule upon it, the judge must identify that complaint in his or her statement with at least comparable precision. This involves not only the factual underpinning of the complaint—in our example, what counsel did or did not do—but also the Constitutional or statutory right implicated by that underpinning.

The second step is to make clear both the court's ruling on each complaint and the reasons used to support that result. Here again some precision is required. Where, for example, the outcome is based on a resolution of conflicting evidence, the court should state how it has resolved the conflict and why. A simple statement—"Petitioner contends X and presented the following evidence in support of that position: [summarize]. The State contends Y and presented the following evidence in support of its position: [summarize]. Having considered the evidence, the court finds the evidence presented by _____ to be the more credible and therefore finds _____"—ordinarily will suffice, so long as it gives a reviewing court an adequate basis to determine whether the finding was supported by substantial evidence.

Where, as in the case before us, a judge decides that a petition should be denied because the allegation of error has been previously litigated or waived, the statement of reasons should be prepared along the following lines:

First, it should state as precisely as possible the complaint under consideration. Second, it should state the court's finding that the complaint has either been previous-

ly raised and finally litigated or, in conformance with art. 27, § 645A(c), has been waived. It then must explain the basis for that finding. Where the complaint was, or could have been, addressed and decided in a prior proceeding, the judge should say so and identify that proceeding. We strongly encourage judges to insist that the State document such assertions by placing in the record evidence of the relevant prior proceedings. Finally, the statement should contain the judge's ruling and the authority for that ruling. The ruling in this type of case would be that the petition is denied and the authority is that denial is required because art. 27, § 645A(b) does not permit a petitioner to relitigate allegations of error which have already been finally litigated.

The procedures we have outlined above are not intended to be a straightjacket for prosecutors and judges, who we know have many other pressing duties, but simply guidelines to assure that these proceedings are handled in accordance with the requirements established by the General Assembly and the Court of Appeals.

APPLICATION FOR LEAVE TO APPEAL GRANTED; CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.