Akinola **OBAYANJU**, Petitioner.

v.

**UNITED STATES of America,**
**Respondent.**

**No. CRIM WMN 96–0453,**
**No. Civ.A. HNM 00–295.**

United States District Court,
D. Maryland.

Oct. 30, 2000.

C. White, Assistant United States Attorney, Baltimore, MD, for respondent.

### *MEMORANDUM AND ORDER*

MALETZ, Senior District Judge.[1]

Akinola Obayanju was convicted by a jury of three counts of assaulting a federal officer in violation of 18 U.S.C.A. § 111 (West Supp.1998), and was sentenced to 84 months imprisonment and two years of supervised release. The United States Court of Appeals for the Fourth Circuit affirmed his conviction on October 23, 1998. He has now filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (1994), *amended by* the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214. Obayanju claims he was denied effective assistance of counsel because his attorney: 1) improperly advised him to plead not guilty and go to trial; 2) advised him to lie to the jury; 3) never informed him of the downward adjustment for accepting responsibility under the United States Sentencing Commission Guidelines § 3E1.1 (hereinafter USSG);[2] 4) incorrectly told him the maximum sentence he could receive was 24 months imprisonment and failed to explain the length of the sentence he could receive under the Guidelines if convicted after trial; and 5) failed to appeal the upward adjustment of his sentence under USSG § 3C1.2.

Obayanju has demonstrated neither his attorney's representation was outside of the range of professional competence, nor did it prejudice the outcome of his case. The court finds his claims to be without merit and, therefore, denies his petition.

## II. Background

Obayanju was found guilty of assaulting three federal officers in 1996 after he was observed picking up mail that included a fraudulently obtained credit card. The of-

Akinola Obayanju, petitioner pro se.

Lynne A. Battaglia, United States Attorney for the District of Maryland, Andrew

1. Of the United States Court of International Trade, sitting by designation.

2. U.S. Sentencing Commission *Guidelines Manual* (1995)

ficers testified at trial that they shouted "police ... freeze" and identified themselves in a number of ways as law enforcement agents. Obayanju then drove his car into the vehicle behind him where two federal agents were seated, and accelerated straight ahead toward a third agent. A high speed chase ensued and two small children had to jump out of the way to avoid being struck by Obayanju's vehicle. After Obayanju abandoned the car and fled on foot, one agent caught up with him and was injured in the struggle to arrest him. The agents found substantial evidence of credit card fraud in the petitioner's car after his arrest.[3]

At trial, the defendant testified he acted in self-defense and did not know the agents were police officers. He stated he had backed into the agents' car by mistake, had not heard them identify themselves, and denied assaulting the agent who chased him on foot. His testimony was rejected by the jury, which convicted him on all counts after deliberating less than half an hour.

At sentencing, this court found that the appropriate base level for Counts One and Two was fifteen (15) under USSG § 2A2.2(a) and applied four upward adjustments: 1) four levels for use of an automobile as a dangerous weapon, USSG § 2A2.2(b)(2)(B); 2) three levels for assaulting a law enforcement officer in a manner creating a substantial risk of serious bodily injury, USSG § 3A1.2(b); 3) two levels for obstructing justice by committing perjury, USSG § 3C1.1[4]; and 4) two levels for creating a substantial risk of death or serious bodily injury to others, USSG § 3C1.2. The final offense level was determined to be 28 (after grouping), with a criminal history category of I, establishing a guideline range of 78–97 months.

## II. Ineffective Assistance of Counsel

■ To prevail on his claim of ineffective assistance of counsel, the petitioner bears the burden of proving his allegations by a preponderance of the evidence. *See Vanater v. Boles*, 377 F.2d 898 (4th Cir. 1967). He must prove that counsel's representation fell below an objective standard of reasonableness and that such deficient performance caused him prejudice. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694, 104 S.Ct. 2052. Where a petitioner cannot prove prejudice, the court need not consider the performance prong of *Strickland, Luchenburg v. Smith*, 79 F.3d 388, 391 (4th Cir.1996).

The petitioner, a convicted felon who perjured himself at trial, bases his motion on unsubstantiated, self-serving allegations totally devoid of credibility. They are refuted convincingly in an affidavit by his attorney, a practitioner who has engaged exclusively in criminal defense for over 30 years. However, assuming *arguendo* that Obayanju's complaints were true, he completely fails to demonstrate how the result of his proceedings would have been different. *Strickland*, at 694, 104 S.Ct. 2052.

■ Obayanju complains that his lawyer was ineffective because he did not counsel him to plead guilty and advise him of the reduction for acceptance of responsibility under USSG § 3E1.1. Although this petitioner was never offered a formal plea agreement by the government, even if he

---

3. This evidence was admitted at trial to show the defendant's motive for fleeing the agents. At trial, he denied engaging in any credit card fraud activity that day and insisted he was helping a friend whose last name he was unable to recall. The defendant later pleaded guilty to bank fraud and money laundering related to identity theft and check counterfeiting based in part on evidence recovered from his car.

4. The court found that "... the cumulative effect of Mr. Obayanju's testimony resulted in shall we say perjury ..." (Tr. April 25, 1996 at p. 42)

had pleaded guilty, he cannot show any probability that he would have received a downward adjustment for acceptance of responsibility.[5] A defendant who enters a plea of guilty is not entitled to an adjustment for acceptance of responsibility as a matter of right, USSG § 3E1.1, commentary n. 3. *See United States v. Crain,* 33 F.3d 480, 487–88 (5th Cir.1994). A defendant who testifies untruthfully at trial, as did Obayanju, is properly denied a downward adjustment under USSG § 3E1.1. *See United States. v. Payne,* 962 F.2d 1228, 1236 (6th Cir.1992). Obayanju's false statements during trial reflect neither remorse nor acceptance of responsibility. In his interview with his probation officer and in his statement to the court before sentencing, he continued to deny responsibility for his criminal conduct.[6] Therefore, he fails to show how his attorney's alleged conduct prejudiced the outcome of his case.

■ The petitioner's next claims are his attorney incorrectly told him that he could not receive more than 24 months imprisonment and neglected to explain the length of the sentence he could receive under the Guidelines if convicted after trial.[7] Even if these claims were true, the defendant again fails to meet the prejudice prong of *Strickland.* Had he pleaded guilty, he would have been subject to the same sentencing factors, i.e., assaulting law enforcement officers, using a deadly weapon to commit the assault, and recklessly endangering the public during flight. The one upward adjustment that he could have avoided by pleading guilty was the two levels assigned for obstructing justice, USSG § 3C1.1. His claim that his attorney

advised him to lie is palpably incredible. The record is replete with numerous instances where the court found that the defendant had lied under oath,[8] and his perjury extended far beyond the limited matters about which he now claims his counsel advised him to lie. The court is unpersuaded by Obayanju's patent attempt to blame his mendacity on his attorney.

■ Defendant's final claim is his lawyer's failure to appeal an upward adjustment under USSG § 3C1.2 amounted to ineffective assistance of counsel.[9] This adjustment was based on the undisputed testimony of a federal agent that two children had to jump out of the way of Obayanju's speeding car. Counsel's decision not to appeal this adjustment does not constitute ineffective assistance of counsel. There is a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance, *Strickland,* at 688–89, 104 S.Ct. 2052, *Bunch v. Thompson,* 949 F.2d 1354 (4th Cir.1991), *cert. denied,* 505 U.S. 1230, 112 S.Ct. 3056, 120 L.Ed.2d 922 (1992). In his affidavit, counsel indicated that he did not raise this argument because there was no credible argument and it would have detracted from the other issues raised on appeal. *See Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (failure to raise every non-frivolous issue on appeal does not prove ineffective assistance of counsel); *Jackson v. United States,* 71 F.Supp.2d 491, 496 (D.Md.1999). Given the basis for the adjustment, counsel's decision not to appeal this issue was a reasonable exercise

---

**5.** Attorney's Affidavit, March 27, 2000, at p. 1.

**6.** Presentence Report, April 29, 1997, at p. 4., Tr. April 25, 1997 at p. 29.

**7.** Aggravated assault is assigned a base level of 15, USSG § 2A2.2(a). Obayanju's criminal history category was I. The guideline range would have been 18–24 months had there been no upward adjustments. The maximum

term of imprisonment under statute was 10 years, 18 U.S.C. § 111(b).

**8.** Transcript April 25, 1997, at pp. 37–43.

**9.** USSG § 3C1.2 provides: "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."

of professional judgment and does not constitute ineffective assistance of counsel.

The petitioner has fallen far short of meeting his burden under *Strickland*, and an evidentiary hearing need not be held where, as here, the record conclusively shows that the petitioner is entitled to no relief. *See United States v. Burrows*, 872 F.2d 915, 917 (9th Cir.1989); *United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir.1988).

For the foregoing reasons, this motion is hereby denied.

### ORDER

1) That the motion seeking to vacate, set aside, to correct sentence pursuant to 28 U.S.C. § 2255 be DENIED;

2) That the Clerk of the Court CLOSE this case; and

3) That a copy of this memorandum and order be sent to the parties.