17-1070-cr
*United States v. Jiang*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
            SUSAN L. CARNEY,
                 *Circuit Judges,*
            LAWRENCE J. VILARDO,
                 *District Judge.[1]*

---

UNITED STATES OF AMERICA,

       *Appellee,*

     v.                                               17-1070-cr

JIYAO JIANG, A/K/A YI QIANG,

       *Defendant-Appellant.[2]*

---

[1] Judge Lawrence J. Vilardo, of the United States District Court for the Western District of New York, sitting by designation.

[2] The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

FOR GOVERNMENT-APPELLEE: NADIA E. MOORE (Susan Corkery, *on the brief*), for Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT: RICHARD LEVITT, Levitt & Kaiser, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol B. Amon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 11, 2017 judgment of the District Court is **AFFIRMED**.

Defendant-appellant Jiyao Jiang ("Jiang") appeals from an April 11, 2017 judgment of conviction following a jury trial. Jiang was convicted of participation in an extortionate collection of credit conspiracy, in violation of 18 U.S.C. § 894. He was sentenced to 28 months' imprisonment and two years' supervised release, and was ordered to pay $2,000 in restitution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The government's indictment charged a single conspiracy that involved multiple individuals, including Jiang, who attempted to extort money from Tian Long Guo, the alleged debtor, on two different occasions: one in October 2013 and a second in December 2013. Guo had allegedly failed to repay loans in an amount over $100,000.

While Jiang was physically present for the October 2013 encounter, he was not present when his associates attempted to collect the debt again in December 2013. On appeal, Jiang claims that the extortionate actions taken in December 2013 by different associates of the leader of the conspiracy were part of a separate conspiracy, such that he is not liable for the illegal conduct committed by others on that date. He therefore argues that the District Court should have excluded any evidence related to the December 2013 effort to collect the debt from Guo, and that he should be afforded a new trial in light of this allegedly prejudicial error. We find Jiang's claim to be without merit.

2

"Whether the government has proven the existence of the conspiracy charged in the indictment and each defendant's membership in it, or, instead, has proven several independent conspiracies is a question of fact for a properly instructed jury." *United States v. Johansen*, 56 F.3d 347, 350 (2d Cir. 1995). Where a defendant contends that multiple conspiracies were proven at trial, rather than the single conspiracy charged in the indictment, the defendant bears the burden of showing that "no rational trier of fact could have concluded that a single conspiracy existed based on the evidence presented." *United States v. Sureff*, 15 F.3d 225, 230 (2d Cir. 1994) (citations omitted).

On appeal from a judgment of conviction following a jury verdict, we review the evidence in the light most favorable to the government, drawing all inferences in its favor. *United States v. Millar*, 79 F.3d 388, 344 (2d Cir. 1996). Even if we find that the government charged one conspiracy but presented proof of multiple conspiracies at trial, a conviction may be reversed on this basis "only upon a showing of substantial prejudice." *Johansen*, 56 F.3d at 351. A defendant thus must show that the jury convicted him "on evidence unrelated to his own alleged activity." *United States v. Washington*, 48 F.3d 73, 80 (2d Cir. 1995).

The evidence presented at trial established the existence of a single conspiracy, of which Jiang was a part, to collect an alleged debt from Guo by the unlawful use of violence and/or the threat of violence. At no point did that common purpose change, even if different actors were involved in accomplishing this goal at different times. Nonetheless, Jiang's principal argument on appeal is that he had no interaction with some of the other members of the single charged conspiracy. This argument is without merit.

There is no requirement in conspiracy law that the same individuals be involved throughout the duration of the conspiracy. *United States v. Nersesian*, 824 F.2d 1294, 1303 (2d Cir. 1987) ("The jury need not have concluded that the same people were involved throughout the entire period of the conspiracy in order to find one conspiracy. The jury could have reasonably concluded that some members of the conspiracy charged participated throughout the entire period of the conspiracy, while others were involved in its early stages, and still others became involved in its late stages.").

**CONCLUSION**

We have considered Jiang's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3